## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MICHAEL MONROE, #131815**                                    **CIVIL ACTION**

**VERSUS**                                                              **NO. 05-2143**

**BURL CAIN, WARDEN**                                        **SECTION C**
**LOUISIANA STATE PENITENTIARY**

## ORDER AND REASONS

Before the Court is a petition for *habeas corpus* relief by Michael Monroe (petitioner),

pursuant to 28 U.S.C. § 2254. As grounds for relief, petitioner claims that trial counsel denied

him his constitutional right to effective assistance of counsel. Upon review of the record, the

Court has determined that no evidentiary hearing is necessary. For the reasons set for as follows,

this petition is **DENIED**.

### Background and Procedural History

Petitioner, Michael Monroe, is incarcerated at the Louisiana State Penitentiary in Angola.

He was convicted of simple burglary in Orleans Parish Criminal District Court on August 27,

1997,[1] and was sentenced to three years imprisonment on March 16, 1998.[2] At petitioner's

multiple bill hearing, on June 5, 1998, the original three-year sentence was vacated and he was

---

[1] State Rec., Vol. 1 of 4, *State v. Monroe*, K-389-642, August 27, 1997.

[2] State Rec., Vol. 1 of 4, *State v. Monroe*, K-389-642, March 16, 1998.

sentenced to mandatory life imprisonment without possibility of parole, probation, or suspension of sentence.[3] Petitioner filed and was granted an out-of-time appeal by the Louisiana Fourth Circuit Court of Appeal, alleging: (1) error in denial of his motion for a new trial, and (2) error in imposing a constitutionally excessive sentence.[4] The appellate court affirmed the conviction and sentence, reviewing on the merits, on March 22, 2000.[5] The Louisiana Supreme Court denied writs on April 27, 2001.[6]

The petitioner filed an application for post-conviction relief [7] in the state court on March 12, 2002, raising the issue of denial of right to counsel for the first time.[8] On May 10, 2004, the petitioner filed a writ of mandamus alleging that no action had been taken for more than two years.[9] The Louisiana Fourth Circuit Court of Appeal treated the writ as supervisory, and denied post-conviction relief on the merits on June 18, 2004.[10] The Louisiana Supreme Court denied writs on May 6, 2005.[11]

Petitioner signed his application for this *habeas* action in the Eastern District of

---

[3] State Rec., Vol. 1 of 4, *State v. Monroe*, K-389-642, June 5, 1998, multiple-bill hearing transcript.

[4] State Rec., Vol. 1 of 4, *State v. Monroe*, 99-KA-1483, February 9, 1999, from appellate decision, page 2.

[5] State Rec., Vol. 1 of 4, *State v. Monroe*, 99-KA-1483, March 22, 2000.

[6] State Rec., Vol. 2 of 4, *State v. Monroe*, 2000-KO-1381, April 27, 2001.

[7] In Louisiana, an application for post-conviction relief must be filed within two years of the date on which the conviction or sentence became final. L.S.A-C.Cr.P art. 930.8.

[8] State Rec., Vol. 3 of 4, *State v. Monroe*, March 12, 2002; note that no case number is found in the record, and the only copy of this petition is attached to petitioner's writ of mandamus.

[9] State Rec., Vol. 3 of 4, *State v. Monroe*, 2004-K-0769, May 10, 2004.

[10] State Rec., Vol. 4 of 4, *State v. Monroe*, 2004-K-0769, June 18, 2004.

[11] State Rec., Vol. 4 of 4, *State v. Monroe*, 2004-KH 1869, May 6, 2005.

Louisiana on May 26, 2005.[12] The docket report shows that a motion for leave to proceed *in forma pauperis* was filed on June 13, 2005; that motion was denied the same day. The case was reopened when the actual petition was filed and the filing fee paid, on July 25, 2005.

## Jurisdiction

Jurisdiction is proper under the Antiterrorism and Effective Death Penalty Act (AEDPA) if the petitioner is "in custody" under the conviction he is attacking.[13] Petitioner Monroe is confined at the Louisiana State Penitentiary in Angola, therefore jurisdiction is proper.

## Venue

Venue is proper under AEDPA in the district where the inmate is in custody or where the state court conviction and sentence were obtained.[14] Petitioner Monroe was convicted and sentenced in Orleans Parish, therefore venue in the Eastern District of Louisiana is proper.

## Timeliness

Generally, AEDPA requires that a petitioner bring a Section 2254 claim within one year of the date on which the conviction or sentence became final.[15]  The one-year statute of

---

[12] Docket Report, Eastern District of Louisiana, 05-2143.

[13] 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a).

[14] 28 U.S.C. § 2241(d).

[15] 28 U.S.C. § 2244(d) provides:
> (1) A 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed,  if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the

3

limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court.[16] An application is properly filed if it is submitted "according to the state's procedural requirements, such as the rules governing notice and the time and place of filing."[17] In Louisiana, an appeal must be taken no later than thirty days after the judgment.[18]  Once the statute of limitations under AEDPA begins to run, the one-year period for seeking federal *habeas corpus* review is tolled, but does not "restart," if a petitioner is granted an out-of-time appeal.[19]

At petitioner's multiple bill hearing, on June 5, 1998, his original sentence was vacated and he was sentenced to mandatory life imprisonment without possibility of parole, probation, or

Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[16] See *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).

[17] *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999), quoting *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998); *Williams v. Cain*, 217 F.3d  303 (5th Cir. 2000).

[18] Method and time of appeal
A. A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.
B. The motion for an appeal must be made no later than:
(1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken.
(2) Thirty days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed. L.S.A-C.Cr.P. art. 914

[19] *Salinas v. Dretke*, 354 F.3d 425, at 429-30 (5th Cir.), cert. denied, 541 U.S. 1032, 124 S.Ct. 2099 (2004). "On its face, AEDPA provides for only a linear limitations period, one that starts and ends on specific dates, with only the possibility that tolling will expand the period in between.  See § 2244(d)(1), (2).  So long as the petitioner is being held pursuant to the same state court judgment, nothing in AEDPA allows for a properly initiated limitations period to be terminated altogether by collateral state court action.  Rather, the statutory framework only provides for the tolling of limitations during the pendency of state collateral review.  See § 2244(d)(2)."

suspension of sentence. Petitioner had 30 days to file an appeal, but did not. His conviction became final 30 days after the sentencing date, July 7, 1998. For the purpose of timeliness for filing a *habeas* petition under AEDPA, the 365-day period began to run on July 8, 1998.

Statutory tolling began 216 days later, on February 9, 1999, when the petitioner filed and was granted an out-of-time appeal by the Louisiana Fourth Circuit Court of Appeal, leaving 149 days of the one-year period. The appellate court affirmed the conviction and sentence, on March 22, 2000, and the Louisiana Supreme Court denied writs on April 27, 2001. The statutory tolling period ended and the clock began to run again on April 28, 2001, with 149 days remaining. The petitioner filed an application for post-conviction relief on March 12, 2002, some 318 days later, or 169 days after the deadline to file a *habeas* petition. That properly-filed application would have tolled the statute of limitations for *habeas* petitions had it not already expired. On May 10, 2004 the petitioner filed a writ of mandamus alleging that no action had been taken for more than two years. The Louisiana Fourth Circuit Court of Appeal treated the writ as supervisory, and denied post-conviction relief on June 18, 2004. The Louisiana Supreme Court denied writs on May 6, 2005. The statutory tolling period ended and the clock began to run again on May 7, 2005, 169 days after the statute of limitations. Petitioner then signed the application for this *habeas* action in the Eastern District of Louisiana on May 26, 2005, 20 days later.

This Court interprets the periods of post-conviction review with an abundance of caution and resolves ambiguities in favor of a petitioner. Even tolling for the periods from February 9, 1999 to April 27, 2001, while petitioner was granted an out-of-time appeal; from March 12, 2002 to May 6, 2005, while post-conviction relief and review was sought and denied by the courts; and using the earliest filing date of May 26, 2005, when the application was signed, the statute of

limitations has been exceeded by a significant amount of time. However, even had the petition been timely, petitioner's claim lacks substantive merit, as set forth later in this opinion.

### Exhaustion

Petitioner has exhausted available state remedies as required by AEDPA. Under AEDPA, a petitioner must first exhaust his remedies in state court before seeking *habeas* relief from the federal courts.[20] "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts."[21] Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal *habeas* petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules.[22]

Petitioner presents one claim for review in his *habeas* petition, which he urged in his application for post-conviction relief, and appealed all the way up to the Louisiana Supreme Court. Petitioner has therefore satisfied AEDPA's exhaustion requirement.

### Standard of Review

AEDPA comprehensively overhauled federal *habeas* corpus legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact. Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed question of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2).[23]

---

[20] 28 U.S.C. § 2254(b)(1)(A).

[21] *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted).

[22] *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

[23] *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

Regarding questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[24] The United States Supreme Court has noted:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning.  A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and... an unreasonable application is different from an incorrect one.[25]

As to questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[26]

## Discussion

A claim of ineffective assistance of counsel is a mixed question of law and fact.[27] To prevail on an ineffective assistance of counsel claim, Petitioner must satisfy both requirements of the two-part test established in *Strickland*:

---

[24] 28 U.S.C. § 2254(d)(1).

[25] *Bell v. Cone*, 535 U.S. 685, 694 (2002) (citations omitted).

[26] 28 U.S.C. § 2254(d)(2); see also *Hill v. Johnson*, 210 F.3d 481 (5th Cir. 2000) at 485; 28 U.S.C. § 2254(e)(1).

[27] *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002), *cert denied*, 538 U.S. 969, 123 S.Ct. 1768 (2003).

> First, petitioner must show that counsel's performance was
> deficient.  This requires showing that counsel made errors so
> serious that counsel was not functioning as the "counsel"
> guaranteed by the Sixth Amendment. Second, the defendant must
> show that the deficient performance prejudiced the defense. This
> requires showing that counsel's errors were so serious as to deprive
> the defendant of a fair trial, a trial whose result is reliable.

Failure to satisfy either requirement is fatal to a petitioner's claim.[28]

First, petitioner must demonstrate that counsel's performance "fell below an objective standard of reasonableness."[29]  A court's scrutiny of counsel's performance "must be highly deferential."[30] Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[31] Petitioner bears the burden of proof when asserting a claim for ineffective assistance of counsel and "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective."[32]

Second, to prove prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[33] A reasonable probability is one "sufficient to undermine confidence in the outcome."[34]  In making

---

[28] *Id.*

[29] *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992) (quoting *Strickland*).

[30] *Strickland*, 466 U.S. at 689.

[31] *Id.*

[32] *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993); *Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000).

[33] *Strickland*, 466 U.S. at 694.

[34] *Id.*

the prejudice determination, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial."[35]

Petitioner's claim of ineffective assistance of counsel argues that counsel failed to: (1) investigate petitioner's defense of alleged conflicting testimony by Officer Mendoza; (2) file pre-trial motions which would have uncovered exculpatory evidence, in particular the Incident Report and Evidence/Property Card; and (3) subject the prosecution's case to meaningful adversarial testing of alleged flaws and inconsistencies in their case.

The Louisiana Fourth Circuit Court of Appeal denied supervisory writs, giving reasons, on identical issues in the petitioner's application for post-conviction relief:

> "The Relator has failed to show prejudice, or that counsel's performance was so deficient as to deprive him of a fair trial as argued in his instant application for post conviction relief. The motion and trial transcripts to not show any inconsistencies in Officer Mendoza's testimony. Further, the failure of the police report to describe all of the clothing worn by the Relator or all of the evidence seized from the scene, does not serve to exculpate the Relator. These arguments lack merit..."[36]

Upon review of the record, this Court finds nothing contrary to, or any unreasonable application of, established Federal law.[37] Therefore, had petitioner's *habeas* petition been timely, this Court would have deferred to the state court's findings and dismissed the petition.

The petitioner argues that Officer Mendoza was unable to identify him at the motion

---

[35] *Crockett v. McCotter*, 796 F.2d 787, 793 (5th Cir.1986).

[36] State Rec., Vol. 4 of 4, *State v. Monroe*, 2004-K-0769, June 18, 2004. The Supreme Court of Louisiana denied writs, State Rec., Vol. 4 of 4, *State v. Monroe*, 2004-KH 1869, May 6, 2005.

[37] 28 U.S.C. § 2254(d)(1).

hearing, but fails to claim he was not the person in fact arrested by Officer Mendoza at the burglarized restaurant. In fact, he conceded as much in his own testimony. Petitioner claims Officer Mendoza did not mention the flashlight and the tire tool at the motion hearing, when in fact he did. The state also introduced photographs of the items. The failure of the police report to mention them does not exculpate the petitioner to the degree of undermining the reliability of the proceedings. The police report did include the suspect being apprehended after exiting through the broken window. At no time did Officer Mendoza waver in his testimony that he saw the suspect come out of the broken window with the tire tool and flashlight in his hand. The trial judge simply found Officer Mendoza's version credible and disbelieved the petitioner.

**Conclusion**

Petitioner's *habeas* petition was not timely filed, having been filed at least 183 days after the expiration of the statute of limitations. Accordingly, the petition must be denied as untimely. In addition, after review, the petition must also be denied as lacking in substantive merit. Accordingly, **IT IS ORDERED** that Michael Monroe's petition for *habeas corpus* is **DISMISSED WITH PREJUDICE**. Judgment will be entered accordingly.

New Orleans, Louisiana, this 23rd day of October, 2006.


HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE