UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL MONROE, #131815** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-2143** |
| **BURL CAIN, WARDEN** | **SECTION C** |
| **LOUISIANA STATE PENITENTIARY** | |

### ORDER AND REASONS

Before the Court is a motion for extension of time to file a notice of appeal of the Order and Reasons and Judgment by the Court, denying habeas corpus relief to Michael Monroe (petitioner), pursuant to 28 U.S.C. § 2254. Petitioner claims he timely placed his motion for a Certificate of Appealability in the prison mail system, but the U.S. Postal Service lost his motion. For the reasons set for as follows, this motion is **DENIED**.

**Background**

The Court denied petitioner habeas relief because his petition was both untimely and lacking in substantive merit:

> This Court interprets the periods of post-conviction review with an abundance of caution and resolves ambiguities in favor of a petitioner. Even tolling for the periods from February 9, 1999 to April 27, 2001, while petitioner was granted an out-of-time appeal; from March 12, 2002 to May 6, 2005, while post-conviction relief and review was sought and denied by the courts; and using the earliest filing date of May 26, 2005, when the application was signed, the statute of limitations has been exceeded by a significant amount of time…
>
> Petitioner's *habeas* petition was not timely filed, having been filed at least 183 days after the expiration of the statute of limitations. Accordingly, the petition must be denied as untimely. In addition, after review, the petition must also be denied as lacking in substantive merit…[1]

---

[1] Fed. Rec. Doc. 21.

1

**Law and Analysis**

A petitioner's notice of appeal is due within thirty days of the entry of judgment.[2] Judgment in this case issued on October 26, 2006.[3] Petitioner's notice was therefore due on or before November 27, 2006. While petitioner claims to have mailed his notice timely, he offers no evidence to support this claim.

The Federal Rules of Appellate Procedure authorize a district court to extend the time to file a notice of appeal if the petitioner: (1) files a motion for extension of time not later than thirty days after expiration of the time for filing a notice of appeal under Fed. R.App. P. 4(a)(1); and the petitioner (2) "shows excusable neglect or good cause."[4]

Here, petitioner filed his motion for an extension of time on March 12, 2007, or 105 days after the expiration of the 30-day period to file a notice of appeal. Petitioner failed to file his motion for an extension of time not more than thirty days after expiration of the original time for filing his notice of appeal. In addition, petitioner makes no showing of excusable neglect or good cause. Therefore, the Court must deny his motion for an extension of time.

---

[2] **Appeal as of Right--When Taken**
(a) Appeal in a Civil Case.
(1) Time for Filing a Notice of Appeal.
(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered.
*Federal Rules of Appellate Procedure Rule 4, 28 U.S.C.A.*
[3] Fed. Rec. Doc. 22.
[4] **Appeal as of Right--When Taken**…
(5) Motion for Extension of Time.
(A) The district court may extend the time to file a notice of appeal if:
(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
*Federal Rules of Appellate Procedure Rule 4, 28 U.S.C.A.*

The Court additionally notes that the original petition was denied as untimely by a significant period of time, as quoted above. In the interest of judicial efficiency, the Court nevertheless addressed the petition and additionally denied relief on the merits. Had the petitioner timely filed his notice of appeal and request for a certificate of appealability, the Court would have denied his request, as the petitioner made no substantial showing the denial of a constitutional right.

**Conclusion**

Petitioner's notice of appeal was not timely filed and his motion for an extension of time to file a notice of appeal was also not timely filed. Accordingly, **IT IS ORDERED** that Michael Monroe's motion for an extension of time to file a notice of appeal is **DENIED**.

New Orleans, Louisiana, this 19th day of April, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE